Owen, J.
Was there error in holding, by sustaining the demurrer to the supplemental answer, that the coming to his majority by the ward of Neff was no ground for dismissing the action. The propositions contended for by the plaintiff iu error are, that the note in suit was a contract for the ward ; that the proceeds belonged to him; that the beneficial interest was his; that Neff is named in the note and the suit because of the disability of the ward to contract or sue ; that upon the ward coming to his majority, the disability and the guardianship at once determined, and with them the right of the plaintiff further to prosecute the action.
We are not called upon to consider the respective relations which the guardian and ward sustained to this note or its proceeds, nor to consider the power of the guardian to bind his ward by the act of taking the note, or of bringing suit upon it, for if he had no such power, there clearly was no error, and if the position contended for is sound, the form of, and parties to, the action were abundantly provided for by sections 25 and 27 of the Code of Civil Procedure, S. & C. Stats. 951 and 953, which provided that every action must be prosecuted in the name of the real party in interest, except that a person with whom or in whose name a contract is made for the benefit of a/nother * * may bring an action without joining with him the person for whose benefit it is prosecuted. The promise of the defendants was to pay Neff, who was named as guardian; the action was by Neff as plaintiff, although described as guardian. His right to “prosecute” the action was clear, and no error intervened in the refusal to dismiss the *610 action or order its abatement upon the ward reaching his majority.
II. Did the Court err in charging the jury that “ The payment of interest in advance is not of itself conclusive evidence of a contract, to extend the time of the payment for the time for which interest may have been thus paid?”
The plaintiff in error has marked for attack a single fragment of the charge. If the instruction complained of is erroneous, it is so because payment of interest in advance is of itself conclusive evidence of a contract to extend the time of payment. That such payment of interest implies such a contract, is prima facie evidence of it, is sufficient evidence of it, are propositions supported by numerous cases cited, and we have no disposition to question their entire soundness. But no case is presented going beyond this.
Payment is not itself a contract. It presupposes the existence of a contract to be in part performed by payment. Upon the principle contended for, the mere physical fact of payment of interest in advance — of such part performance- — -would conclude all controversy as to the contract under which it was made, and exclude every inquiry concerning fraud, mistake, misunderstanding, qualifying conditions, or other circumstance affecting the integrity or force of the contract itself. This would contravene an elementary principle.
The Court was right.

Judgment affirmed.